## HOLLIS THOMPSON *vs.* ABEL SHATTUCK.

A. conveyed a mill to B. and covenanted with him, his heirs and assigns, to keep one half of the mill-dam in repair.   The dam was afterwards carried away by a flood, and B., after having duly requested A. to aid him in rebuilding it, conveyed the mill, with the privileges, &c. to C. who at the same time agreed in writing that B. should "have all that should be obtained of A. for non-fulfilment of his contract, provided A. should not assist B. in erecting the dam, and B. should be compelled to rebuild it without A's assistance."   A. afterwards refused to assist in repairing the dam, and B. repaired it at his own expense.   *Held,* that B. might maintain an action in his own name against A. for breach of the covenant to keep the dam in repair. *Held also,* that B. could not recover damages for loss of the profits of the mill, by reason of the delay caused by A's refusal to aid in repairing the dam ; but that he could recover only one half of the expense which he had incurred in repairing it.

THIS was an action of covenant broken, brought by the as s gnee of Ozias S. Plumb, an insolvent debtor, who was the original covenantee, and who had assigned all his property to the plaintiff, and heen discharged, pursuant to the provisions of *St* 1838, *c.* 163

At the trial before *Dewey*, J. it appeared that the defendant, by his deed, dated January 27th 1830, demised to said Ozias S. Plumb, his executors and assigns, for the term of three years, so much of the defendant's gristmill in Colerain, as he had theretofore used for fulling cloth, and also demised, for the term of ten years, the fulling-mill therein, with the privileges thereto belonging, and the ground on which a dye-house stood, and also granted and sold to said Ozias, his executors, adminis-trators and assigns for ever, the fulling-mill within the gristmill, with all the privileges thereto belonging, and also the use of the ground upon which stood the tenter bars theretofore used, and covenanted with said Ozias, his executors and assigns, to keep in good and sufficient repair, at all times thereafter, "the half of dam above the said mill, and the floom leading therefrom, so long as the said Plumb or his assigns" should "use and occupy the clothier's shop," which the defendant had that day sold to him.

It was also in evidence, that in January 1839, the dam was so injured by a freshet as to require the rebuilding of it ; that said Ozias, on the last of January or first of February, duly requested the defendant to aid in rebuilding it, but the defendant declined so to do ; and that said Ozias, in June 1839, caused the dam to be rebuilt at his own expense.

The defendant, by way of defence, gave in evidence a deed of Ozias S. Plumb, dated March 26th 1839, conveying (*inter alia*) to Sanford Plumb the aforesaid fulling-mill, and "the use and privilege of so much of the water of the pond above as the said Sanford may need for the use of said mill, except so much as Abel Shattuck, his heirs, &c. may need for one wheel of his gristmill," &c.

The plaintiff thereupon introduced the following written in-strument, signed (but not sealed) by said Sanford Plumb, of even date with said deed from Ozias to him : " Whereas Ozias S. Plumb has this day deeded to me the clothing works which he purchased of Abel Shattuck, and as by covenant lease said Shattuck is to keep in good repair one half of the dam and floom on said premises : I hereby promise and agree that said Ozias

shall have all that shall be obtained of said Shattuck for the non-fulfilment of his contract, providing said Shattuck does not assist said Ozias in erecting said dam and floom, and said Ozias shall be compelled to build them without said Shattuck's assistance."

The defendant contended, that Ozias S. Plumb, by force and effect of his deed to Sanford Plumb, parted with all his right and interest, so that the plaintiff could not recover damages in this action. But the judge ruled (subject to the opinion of the full court) that taking the deed, and the instrument signed by Sanford at the same time, and considering the two as parts of one transaction, the effect of them was not such as to prevent the plaintiff from maintaining the present action and recovering damages for breach of the defendant's covenant to keep the dam in repair.

The plaintiff claimed damages, 1st. for one half of the ex penses incurred by said Ozias S. in repairing the dam ; 2d. for loss of profits on carding wool, caused by the delay and negligence of the defendant in not repairing the dam as early as it might have been repaired, if measures for repairing it had been seasonably begun.

The jury were directed, if they should find a verdict for the plaintiff, to assess damages separately ; viz. " 1st. for one half of the expenditures in making repairs on the dam ; 2d. for loss of profits in business, by reason of the dam remaining unre-paired for an unreasonable length of time." The jury found for the plaintiff, and assessed damages for one half of expenditures for repairs, $189·81 ; and for loss of profits in business, $44·52. A verdict was taken for the former sum, subject to the opinion of the whole court, and to be increased by the addition of the latter sum, if the plaintiff should be held entitled to recover the same ; unless the court should hold that, by reason of the afore-said deed of Ozias S. to Sanford, the action cannot be main tained by the present plaintiff.

*Grennell,* for the defendant.

*H. G. Newcomb,* for the plaintiff.

DEWEY, J. It is objected to the right of the plaintiff to maintain this action, that before the accruing of any cause of

action for damages for breach of the covenant declared upon, O. S. Plumb had conveyed to one Sanford Plumb all his interest in the premises to which this covenant attached, and that by force and effect of such conveyance, the covenant and the right to recover damages for any breach thereof passed, with the conveyance of the land and privileges, to his grantee.

This might be a correct view of the case, if there had been no other instrument executed between the parties than the deed to Sanford Plumb ; but the facts find that simultaneously with, and as a part of the same transaction, it was stipulated between the parties to that deed, by another instrument in writing, that Ozias S. Plumb should be authorized to receive to his own use all such sums as might be recovered of said Shattuck for not fulfilling this covenant. The effect of this agreement is such as to obviate the objection on which the defence rests. If the plaintiff recovers in the present action, such a recovery will be a bar to any action by Sanford Plumb, for the breach of this covenant, for which damages shall be thus recovered by the plaintiff, inasmuch as Sanford has, by his own act, sanctioned such recovery.

It does not necessarily follow, because a covenant runs with the land to an assignee, that in no event the assignor can maintain an action on the covenant after he has assigned it. This position may be well illustrated by the case of the usual covenants in conveyances of real estate, where there have been successive conveyances from A. to B. and from B. to C., each with covenants of warranty. Upon the eviction of C., he may maintain his action on the covenant of warranty, either against B. or A., at his election. But if B. shall pay to C. his damages occasioned by such a breach of the covenant, B. may then resort to A. for damages on his covenant ; and it would be no defence for A. to allege that his covenant to B. ran with the land and therefore passed to C. In the case supposed, the payment by B. has discharged all liability of A. to C., and therefore B. may well maintain his action against A. So in the present case, the party taking a conveyance, which might pass all the covenants running with the land, has waived all right or

his part to recur to the defendant for his breach of the cove nant, and, by mutual arrangement between him and his assignor, leaves to the assignor the sole interest in such covenant. The defendant not being responsible to Sanford Plumb, on this cove- nant, for the reasons already stated, the plaintiff may prop- erly enforce this claim for damages, as assignee of Ozias S. Plumb, for the benefit of said Plumb's creditors.

Upon the question reserved as to the damages, the court are of opinion, that the plaintiff is entitled to recover of the defend- ant only one half of the actual expense incurred in repairing the dam, and that he is not entitled to damages for any loss of profits in business, in consequence of the neglect of the defendant seasonably to aid in making the repairs. It being the duty of O. S. Plumb to make one half of the repairs, and it being a right which he might at once exercise, to proceed to make the whole repairs, after neglect and refusal of the defendant, upon reasona- ble notice, to aid in the repairs; if said Plumb delayed to ex- ercise that right and thereby sustained a loss, it is one which he alone must bear. The verdict was therefore rendered upon the proper principle, in the matter of damages, and is not to be enlarged by the assessment of damages for loss of profits in business by reason of the dam remaining unrepaired an unreason- able length of time.

*Judgment on the verdict.*